UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERBY JEAN,<br><br>       Plaintiff,<br><br>   -against-<br><br>HRA; HELP MEYER'S ALL MEN SHELTER; CHRIS ANDERSON; 25TH PRECINCT; NYC CIVIL COMPLAINT REVIEW BOARD (CCRB); 52 PRECINCT; JEROME AVENUE ALL MEN SHELTER; BLAKE AVE ALL MEN SHELTER,<br><br>       Defendants. | 24-CV-5401 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, acting *pro se*, brought this action in the United States District Court for the

Eastern District of New York, which transferred it here. By order dated August 6, 2024, the

Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of

fees.  For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. In 2018, the New York City Human Resources Administration (HRA) allegedly agreed to provide Plaintiff permanent housing with a kitchen; instead, Plaintiff was placed in a shelter, where he eventually had altercations.

On an unspecified date, officers from the 25th Precinct were called to HELP Meyer Men's Shelter, where Plaintiff was staying. The officers arrived and "cuffed and assaulted Plaintiff," with assistance from HELP Meyer staff. (ECF 1, at 6.) The incident was allegedly captured on NYPD body cameras and the shelter's surveillance cameras.

Plaintiff filed a complaint with the Civilian Complaint Review Board (CCRB) about the incident. Investigator "Maron" was assigned, but the CCRB "disregarded" the complaint, allegedly due to fear that "NYPD would ruin their establishment." (*Id.*, at 7.) Attorney Chris Anderson agreed to represent Plaintiff in litigation against the NYPD and HELP Meyer staff, but Anderson instead made agreements with defendants and the New York City Comptroller's Office for "hush money." (*Id.*, at 6.) Plaintiff sues the 25th Precinct, the CCRB, "HELP Meyer All Men Shelter" and attorney Anderson, seeking damages.

In a separate incident, also on an unspecified date, while Plaintiff was staying at the Jerome Avenue Men's Shelter in Bronx County, a shelter resident managed to enter with a sharp object. The resident slashed Plaintiff in the abdomen twice, causing him to bleed and require hospitalization. Officers from the 52nd Precinct who responded to the incident at the Jerome Avenue Men's Shelter housed Plaintiff and his attacker in the same holding cell after taking them into custody. Plaintiff sues the 52nd Precinct and the "Jerome Avenue All Men Shelter" for this claim.

Plaintiff further alleges that, on an unspecified date, a resident at the Blake Avenue Men's Shelter, located in Brooklyn, New York, managed to enter that shelter with a sharp implement and cut Plaintiff on the right side of his head,. (*Id.* at 7.) Plaintiff names the "Blake Ave All Men Shelter" as a defendant for this claim.

In the complaint, Plaintiff seeks $3 billion in damages.

## DISCUSSION

### A.    New York City Agencies

Plaintiff sues the New York City CCRB, the HRA, and the 25th and 52nd Precincts of the New York City Police Department (NYPD). Plaintiff's claims against these entities must be dismissed because an agency of the City of New York generally cannot be sued in the name of

the agency. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."); *Buchanan v. City of New York*, 556 F. Supp. 3d 346, 356 (S.D.N.Y. 2021) ("Defendant CCRB is not a suable entity."). The Court therefore dismisses Plaintiff's claims against the NYC CCRB, the HRA, and the NYPD's 25th and 52nd Precincts because these entities lack the capacity to be sued.

In light of the legal requirement that claims against those named defendants be brought against the City of New York, which Plaintiff has not named as a defendant, the Court construes the claims as having been asserted against the City of New York. When a plaintiff sues a municipality such as the City of New York under Section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). If Plaintiff seeks to assert a claim based

4

on a policy, custom, or practice of the NYPD, HRA, or CCRB, he must name the City of New

York as a defendant in an amended complaint, identify the policy, custom, or practice at issue,

and plead facts showing that the policy, custom, or practice caused a violation of his

constitutional rights.[1]

Alternatively, a claim under 42 U.S.C. § 1983 can be brought against an individual

government actor who was personally involved in violating Plaintiff's rights. *See Spavone v. N.Y.

State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that

personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to

an award of damages under § 1983.") (internal quotation marks omitted). As set forth below, the

Court grants Plaintiff leave to replead his claims. If Plaintiff chooses to file an amended

complaint, and names individual police officers or other state actors, Plaintiff must also allege

facts about what each individual defendant personally did or failed to do that violated his rights.[2]

If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe"

---

[1] As to Plaintiff's claims against the CCRB, the officials Court notes that generally there is no constitutional right to an investigation by government. *See DeShaney v. Winnebago Cty. Dep't of Social Servs.*, 489 U.S. 189, 195-96 (1989) (the Due Process Clause generally confers no affirmative right to governmental aid). Similarly, Plaintiff sues HRA based on the housing that he was assigned, but there is no constitutional right to a particular shelter assignment. *See Jenkins v. New York City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 512 (S.D.N.Y 2009) ("The Plaintiff has no claim for deprivation of property without due process because he does not have a property right to placement in a particular type of shelter under New York law.")

[2] There is some indication that Plaintiff may already have litigated some of these claims. Plaintiff sues an attorney who represented him in prior litigation and suggests that he may have received some settlement (which he refers to as "hush money"). The Court notes that Plaintiff may be precluded from relitigating matters that have already been litigated or settled, even if he believes his compensation was insufficient.

or "Jane Doe" in both the caption and the body of the amended complaint, with a description that allows the person to be identified.[3]

## B.    Private Parties

The remaining defendants in this suit are attorney Chris Anderson and three private shelters – the "HELP Meyer ALL Men's Shelter," the "Jerome Avenue All Men Shelter," and the "Blake Ave All Men Shelter." A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

An individual acting as a private attorney is not, by virtue of being an officer of the court, a state actor. *See Frierson-Harris v. Hough*, No. 05-CV-3077, 2006 WL 298658, at *5 (S.D.N.Y. Feb. 7, 2006) ("That a lawyer is an officer of the court does not render him a state actor for purposes of § 1983."); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act "under color of state law" and therefore are not subject to suit under 42 U.S.C. § 1983."). Plaintiff thus cannot state a claim under Section 1983 against attorney Anderson because, in representing Plaintiff in litigation, Anderson was not a state actor.

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2024, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Homeless shelters, in providing housing, also do not function as state actors. A private entity's actions can be considered state action in three situations: (1) the private entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the private entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the private entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker*, 457 U.S. at 840.

"[T]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Ortega v. Samaritan Village Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, *4 (E.D.N.Y. Mar. 4, 2020) (internal quotation marks and citation omitted); *see also Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 14. 2009) ("The Salvation Army is a private organization, and its staff members are not 'state actors.' . . . . [The plaintiff] cannot show that the shelter or the organization [is] performing a public function sufficient to turn the shelter or its employees into state actors for purposes of § 1983 liability."). As Defendants "HELP Meyer ALL Men's Shelter," the "Jerome Avenue All Men Shelter," and the "Blake Ave All Men Shelter" are private entities that cannot be deemed state actors, Plaintiff has not stated a Section 1983 claim against these defendants.

## C.    Leave to Amend and Joinder

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d

116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

The Court notes, however, that although the Federal Rules of Civil Procedure liberally allow joinder of claims and parties, the various claims alleged in Plaintiff's complaint are not properly joined in one action. Rule 18 of the Federal Rules of Civil Procedure permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action only if: (1) a right to relief is asserted against all of the defendants, or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants. *See Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009). Courts are to "take[ ] a broad view, not requiring an absolute identity of factual backgrounds . . . but only a logical relationship between them." *Id.* at 166. Nevertheless, "[u]nrelated claims against different defendants belong in different suits . . . " *Webb v. Maldanado*, No. 13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013).

Here, Plaintiff can be understood as bringing claims arising from apparently unrelated incidents at three different shelters; the HELP Meyer Shelter on Ward's Island, the Jerome Avenue Men's Shelter in Bronx County, and the Blake Avenue Men's Shelter in Brooklyn, New York. Plaintiff also alleges that the New York City HRA reneged on an agreement, made in 2018, to provide him housing with a cooking area, rather than in a shelter. He sues different defendants for his claims arising from each of these incidents.

There are no facts alleged in the complaint that suggest that Plaintiff's claims arising at the three different homeless shelters and his claims against the HRA arise from the same

transaction or occurrence, raise the same questions of law or fact, or are logically related to one another; instead, these appear to be unrelated claims against different defendants. Accordingly, these claims are not properly joined in one action. If Plaintiff files an amended complaint, the Court directs him to include only those claims that are properly joined in a single action – that is, all of the claims that he has against a single defendant, or claims against different defendants arising out of the same incident. Plaintiff's claims against different defendants arising from different incidents cannot be joined in one suit.

**D.      Referral to the CBJC SDNY Federal Pro Se Legal Assistance Project**

Plaintiff may wish to contact the City Bar Justice Center ("CBJC"), which operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), by completing the CBJC's intake form, or by email (fedprosdny@nycbar.org). The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court. A flyer is attached.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-5401 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, Plaintiff's federal claims will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline supplemental jurisdiction of his state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 10, 2024
          New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                     (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name            Middle Initial      Last Name

_____
Street Address

_____
County, City                  State              Zip Code

_____
Telephone Number          Email Address (if available)

**B.  Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State            Zip Code

Defendant 2: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State            Zip Code

Defendant 3: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State            Zip Code

Defendant 4: _____

            First Name                       Last Name

            _____

            Current Job Title (or other identifying information)

            _____

            Current Work Address (or other address where defendant may be served)

            _____

            County, City                    State             Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.