UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERBY JEAN,<br><br>                    Plaintiff,<br><br>          -against-<br><br>HRA, HELP MEYER'S ALL MEN SHELTER,<br>CHRIS ANDERSON, 25TH PRECINCT, NYC<br>CIVIL COMPLAINT REVIEW BOARD<br>(CCRB), 52ND PRECINCT, JEROME<br>AVENUE ALL MEN SHELTER, BLAKE<br>AVENUE ALL MEN SHELTER,<br><br>                    Defendants. | 24-CV-5401 (LLS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

　　　　Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint in

the United States District Court for the Eastern District of New York, which transferred it here.

By order dated December 11, 2024, Chief Judge Swain directed Plaintiff to amend his complaint

to address deficiencies in his original pleading. Plaintiff filed an amended complaint on

December 30, 2024, and on July 21, 2025, this action was reassigned to the docket of the

undersigned. The Court has reviewed the amended complaint, in which Plaintiff asserts claims

under 42 U.S.C. § 1983 for alleged violations of his rights under the Fifth and Sixth

Amendments to the United States Constitution. The action is dismissed for the reasons set forth

below, with 30 days' leave to file a second amended complaint.

## STANDARD OF REVIEW

　　　　The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Herby Jean's original complaint named as defendants New York City entities (the New York City Civilian Complaint Review Board (CCRB), Human Resources Administration (HRA), and the New York City Police Department's (NYPD) 25th and 52nd Precincts); attorney Chris Anderson; and three shelters for the unhoused (sued as "HELP

Meyer's All Men Shelter," "Jerome Avenue All Men Shelter," and "Blake Ave All Men Shelter"). By order dated December 11, 2024, the Court identified certain deficiencies in the original complaint, including that it: (1) named New York City agencies (CCRB, HRA, and NYPD precincts) as defendants, even though these entities cannot be sued in the names of the agencies: (2) did not name the City of New York, or state a claim against the City of New York under Section 1983, because Plaintiff did not allege that a municipal policy, custom, or practice caused a violation of his rights; (3) included claims against private entities and individuals, such as men's shelters and attorney Chris Anderson, who were not functioning as state actors; (4) failed to include allegations showing how defendants were personally involved in violating Plaintiff's rights; and (4) improperly joined unrelated claims against different defendants arising from apparently unrelated events.

Plaintiff's amended complaint names the same defendants as his original complaint: CCRB, HRA, 25th and 52nd Precincts, attorney Chris Anderson, and three shelters (HELP Meyer's All Men Shelter, Jerome Avenue All Men Shelter, and Blake Ave All Men Shelter).

The amended complaint again raises claims arising from three separate and apparently unrelated incidents arising in Manhattan, the Bronx, and Brooklyn. Plaintiff's first claim is that unidentified "John Doe" police officers from the NYPD's 25th Precinct used excessive force against him at the Help Meyer shelter on Ward's Island. Plaintiff alleges that Defendant 25th Precinct "assaulted plaintiff Herby Jean @ the Help Meyer's All Men Shelter cuffed and assaulted plaintiff." [1] (*Id.*) He further alleges that Defendant Help Meyer's All Men Shelter "violated plaintiff 5th Amendment 'due process' housed and authorized all seen on Help

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Meyer's surveillance camera, NYPD to assault plaintiff Herby Jean while cuffed satisfying the U.S 5th custody and care 'due process' under U.S Constitution." (ECF 12 at 1.)  The CCRB failed to investigate, and Chris Anderson, an attorney who may have represented Plaintiff in unspecified proceedings, allegedly took "hus[h]" money from the NYPD and New York City Comptroller. (*Id.*)

A second claim is that, on an unspecified date, Defendant Blake Avenue All Men Shelter in Brooklyn, New York, "authorized another client to enter the establishment with a knife and cut plaintiff Herby Jean on his right side off his head." (*Id.* at 2.)

Plaintiff's third claim is that, on an unspecified date, Defendant Jerome Avenue Men's Shelter in Bronx County "authorized another client to enter the institution with a knife slashing plaintiff Herby Jean on left side of abdomen . . . satisfying the 5th Amendment "Custody and Care." (*Id.*) Following this assault, Defendant 52nd Precinct "intentionally positioned plaintiff Herby Jean and client in the same holding cell." (*Id.*)

Plaintiff seeks $3 billion in damages.

## DISCUSSION

**A.    Proper Defendants**

Plaintiff's amended complaint, which is brought against the same defendants named in his original complaint, suffers from most of the same defects identified in the December 30, 2024 Order to Amend.

### 1.    Lack of capacity to be sued

 Plaintiff sues Defendants HRA, CCRB, and the 25th and 52nd Precincts, all of which lack the capacity to be sued. As set forth in the Court's prior order, under the New York City Charter, "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where

otherwise provided by law." N.Y. City Charter ch. 17, § 396; *Buchanan v. City of New York*, 556 F. Supp. 3d 346, 356 (S.D.N.Y. 2021) ("Defendant CCRB is not a suable entity."); *Orraca v. City of New York*, 897 F. Supp. 148, 152 (S.D.N.Y. 1995) ("[T]he 25th Precinct is a subdivision of the Police Department without the capacity to be sued."); *Morris v. NYC HRA*, No. 13-CV-1845, 2013 WL 3148664, at *3 (E.D.N.Y. June 19, 2023) (The New York City Human Rights Administration ("HRA"), and its sub-agency, Adult Protective Services, are not suable entities."). Plaintiff's claims against the CCRB, the HRA, and the NYPD's 25th and 52nd Precincts are therefore dismissed because these entities lack the capacity to be sued. The Court grants Plaintiff a final opportunity to replead his claims, particularly his claims that NYPD officers used excessive force against him, but reiterates that Plaintiff should not list these non-suable entities (CCRB, the HRA, and NYPD precincts) as defendants in the second amended complaint, which should make the claims against New York City although done by its agencies. There is an established group of volunteer lawyer who may help you with this. A flyer for the City Bar Justice Center's SDNY Federal Pro Se Legal Assistance Project is attached.

As set forth in the December 30, 2024 Order to Amend, if Plaintiff seeks to assert a claim based on a policy, custom, or practice of the NYPD, HRA, or CCRB, he must name the City of New York as a defendant in a second amended complaint, identify the policy, custom, or practice at issue, and plead facts showing that the policy, custom, or practice caused a violation of his constitutional rights.

Alternatively, or in addition, Plaintiff can bring Section 1983 claims against the individual government actors who were personally involved in violating Plaintiff's rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations

is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). If Plaintiff chooses to file a second amended complaint, and if he names individual police officers or other state actors, Plaintiff must allege facts about what each individual defendant personally did or failed to do that violated his rights.[2] If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint, with a description that allows the person to be identified. For example, if Plaintiff alleges that a "John Doe" police officer used excessive force against him at the Ward's Island shelter, he can name "John Doe" or "Jane Doe" police officer in the caption of the second amended complaint, and allege facts in the second amended complaint about when and where the events giving rise to his claims took place, and what the officer did or failed to do that violated Plaintiff's rights.[3]

### 2.    Private parties

As set forth in the Order to Amend, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of*

---

[2] There is some indication that Plaintiff may already have litigated some of these claims. A plaintiff can be precluded from relitigating matters that have already been litigated or settled.

[3] Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to some assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). Here, Plaintiff's complaint might be liberally construed as alleging that a John Doe or Jane Doe Officer from the 25th Precinct violated his rights. Plaintiff's amended complaint, however, does not identify what the individual personally did or fail to do (such as overtighten handcuffs, punch him, or something else). Plaintiff also does not supply sufficient information to allow an individual officer to be identified because there is no information about when these events took place.

*Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

An individual acting as a private attorney is not, by virtue of being an officer of the court, a state actor. *See Frierson-Harris v. Hough*, No. 05-CV-3077, 2006 WL 298658, at *5 (S.D.N.Y. Feb. 7, 2006) ("That a lawyer is an officer of the court does not render him a state actor for purposes of § 1983."); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act "under color of state law" and therefore are not subject to suit under 42 U.S.C. § 1983.").

Moreover, "the provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Ortega v. Samaritan Village Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, *4 (E.D.N.Y. Mar. 4, 2020) (internal quotation marks and citation omitted); *see also Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 14. 2009) ("The Salvation Army is a private organization, and its staff members are not 'state actors.' . . . . [The plaintiff] cannot show that the shelter or the organization [is] performing a public function sufficient to turn the shelter or its employees into state actors for purposes of § 1983 liability.").

In the amended complaint, Plaintiff reiterates his claims against an attorney and private shelters but fails to demonstrate how their actions could be attributed to the government. Plaintiff's amended complaint does not provide new facts to establish that the private parties, "HELP Meyer ALL Men's Shelter," the "Jerome Avenue All Men Shelter," and the "Blake Ave All Men Shelter," were functioning as state actors. Plaintiff's Section 1983 claims against

Defendants Anderson, and the three shelters for alleged violations of Plaintiff's rights under the

Fifth and Sixth Amendments must therefore be dismissed because these private parties were not

acting under the color of state law.

**B.      State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the

Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be

asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)

("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of*

*Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))). Nothing in this order prevents

Plaintiff from pursuing this state law claims in an appropriate state court.

**C.      Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). It is futile for Plaintiff to replead

his Section 1983 claims for alleged Fifth and Sixth Amendment violations against many of the

named defendants. In particular, the shelters are private parties that cannot be sued under Section

1983, and the CCRB, the HRA, and the NYPD's 25th and 52nd Precincts lack the capacity to be sued for claims arising under federal or state law.

Plaintiff may be able to allege additional facts to state a valid claim against a "John Doe" or "Jane Doe" police officer, or a claim against the City of New York that a policy, custom, or practice caused a violation of his rights. If Plaintiff states a federal claim, he may also be able to bring supplemental state law claims that arise from the same facts. The Court therefore grants Plaintiff 30 days' leave to file a second amended complaint to detail such claims.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1367(c)(3), with 30 days' leave to replead. A flyer for the City Bar Justice Center's SDNY Federal Pro Se Legal Assistance Project and a second amended complaint form are attached.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   July 21, 2025
         New York, New York

                                        _Louis L. Stanton_
                                         Louis L. Stanton
                                            U.S.D.J.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.




- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794**, leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:


**Counseling** about potential federal claims prior to filing suit


Consulting on **discovery** matters


**Interpreting and explaining** federal law and procedure


Assisting with the **settlement** process (including **mediation**)


**Reviewing drafted pleadings** and correspondence with the Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-



_____

_____


_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**SECOND AMENDED**

**COMPLAINT**

Do you want a jury trial?
  ☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                 (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name            Middle Initial      Last Name

_____
Street Address

_____
County, City                      State            Zip Code

_____
Telephone Number            Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

Defendant 2: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

Defendant 3: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

Defendant 4: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](http://www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](http://www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address          City               State              Zip Code

_____
Telephone Number              E-mail Address

_____
Date                          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007