UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERBY JEAN,

                Plaintiff,

-against-

HRA, HELP MEYER'S ALL MEN SHELTER, CHRIS ANDERSON, 25TH PRECINCT, NYC CIVIL COMPLAINT REVIEW BOARD (CCRB), 52ND PRECINCT, JEROME AVENUE ALL MEN SHELTER, BLAKE AVENUE ALL MEN SHELTER,

                Defendants.

24-CV-5401 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). He originally filed this complaint in the United States District Court for the Eastern District of New York, which transferred it here. By orders dated December 11, 2024, and July 21, 2025, the Court dismissed Plaintiff's complaint and amended complaint, with leave to replead. (ECF 11, 13.) On August 20, 2025, Plaintiff filed a second amended complaint (ECF 14), and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

    In his original complaint, Plaintiff Herby Jean named as defendants various New York City entities (the New York City Civilian Complaint Review Board ("CCRB"), the Human Resources Administration ("HRA"), and the New York City Police Department's ("NYPD") 25th and 52nd Precincts); attorney Chris Anderson; and three shelters (sued as "HELP Meyer's All Men Shelter," "Jerome Avenue All Men Shelter," and "Blake Ave All Men Shelter"). By order dated December 11, 2024, the Court identified certain deficiencies in the original complaint, including that the complaint: (1) named New York City agencies that cannot be sued

in their own names: (2) did not name the City of New York, and did not state a claim against the City of New York under Section 1983, because Plaintiff did not allege that a municipal policy, custom, or practice caused the violation of his rights; (3) included claims against private entities and individuals, such as shelters and attorney Chris Anderson, that are not state actors; (4) failed to include allegations showing how certain defendants were personally involved in violating Plaintiff's rights; and (4) improperly joined unrelated claims against different defendants arising from apparently unrelated events.

The Court granted Plaintiff leave to amend the complaint to cure these deficiencies. On December 30, 2024, Plaintiff filed an amended complaint that named the same defendants as his original complaint: CCRB, HRA, 25th and 52nd Precincts, attorney Chris Anderson, and three shelters (HELP Meyer's All Men Shelter, Jerome Avenue All Men Shelter, and Blake Ave All Men Shelter). He asserted claims arising from three separate and apparently unrelated incidents arising in Manhattan, the Bronx, and Brooklyn. Plaintiff's first claim was that unidentified "John Doe" police officers from the NYPD's 25th Precinct used excessive force against him at the Help Meyer shelter on Ward's Island. The CCRB allegedly failed to investigate, and Chris Anderson, an attorney who may have represented Plaintiff, allegedly took "hus[h]" money from the NYPD and New York City Comptroller. (ECF 12 at 1.)

Plaintiff's second claim was that, on an unspecified date, Defendant Blake Avenue All Men Shelter in Brooklyn, New York, "authorized another client to enter the establishment with a knife and cut plaintiff Herby Jean on his right side off his head." (*Id.* at 2.) Plaintiff's third claim was that, on an unspecified date, Defendant Jerome Avenue Men's Shelter in Bronx County "authorized another client to enter the institution with a knife slashing plaintiff Herby Jean on left side of abdomen . . . satisfying the 5th Amendment "Custody and Care." (*Id.*) Following this

assault, Defendant 52nd Precinct "intentionally positioned plaintiff Herby Jean and [the other] client in the same holding cell." (*Id.*) Plaintiff sought $3 billion in damages.

By order dated July 21, 2025, the Court dismissed Plaintiff's amended complaint, which suffered from the same defects as his original complaint, but granted him leave to file a second amended complaint ("SAC"). The Court informed Plaintiff of the following:

> [I]f Plaintiff seeks to assert a claim based on a policy, custom, or practice of the NYPD, HRA, or CCRB, he must name the City of New York as a defendant in a second amended complaint, identify the policy, custom, or practice at issue, and plead facts showing that the policy, custom, or practice caused a violation of his constitutional rights.
>
> Alternatively, Plaintiff can bring Section 1983 claims against the individual government actors who were personally involved in violating Plaintiff's rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint, with a description that allows the person to be identified. For example, if Plaintiff alleges that a "John Doe" police officer used excessive force against him at the Ward's Island shelter, he can name "John Doe" or "Jane Doe" police officer in the caption of the second amended complaint, and allege facts in the second amended complaint about when and where the events giving rise to his claims took place, and what the officer did or failed to do that violated Plaintiff's rights.

(ECF 13 at 5-6.)

Plaintiff filed a SAC on August 20, 2025. The SAC does not include a caption or identify any defendants. The SAC states, in its entirety, "Plaintiff Herby Jean seeks relief immediately." (ECF 14 at 1.) Plaintiff's SAC, which does not identify any defendants or allege any facts, does not state a claim on which relief can be granted and must be dismissed. *See* 28 U.S.C.. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

3

the defects in Plaintiff's SAC cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's second amended complaint (ECF 14), filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: September 3, 2025
       New York, New York

                                                                       *Louis L. Stanton*
                                                                         Louis L. Stanton
                                                                             U.S.D.J.